IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


EBRAHIM ADKINS,

                              Petitioner,

      v.                                     CASE NO. 12-3239-RDR

SAM CROW,

                              Respondent.


EBRAHIM ADKINS,

                              Petitioner,

      v.                                     CASE NO. 12-3247-RDR

SAM CROW,

                              Respondent.


**O R D E R**

    Before the court are two pro se petitions submitted by a former prisoner, Ebrahim Adkins. Each petition is titled as a "Writ of Mandamus," and each names District Court Judge Sam Crow as the sole respondent. Having reviewed each petition, the court summarily dismisses both actions as legally frivolous and malicious.

    In each petition, Adkins states he is seeking relief, either through a writ of mandamus or under 42 U.S.C. § 1983, from the dismissal of a case assigned to respondent.

    In Case No. 12-3239-RDR, Adkins alleges error in the district court's dismissal of his complaint in Case No. 11-3053-SAC, and in the Tenth Circuit's disposition of Adkins's appeal in that case.[1]

---

[1] See *Adkins v. Armstrong*, Case No. 11-3053-SAC (§ 1983 complaint seeking relief on allegations that pleadings were not being filed in petitioner's cases dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B))(D.Kan., July 26, 2011), *affirmed*

Adkins's pleading also appears to include his attempt to add two Wyandotte County Sheriffs as respondents in this matter, or possibly as defendants in Case No. 11-3053-SAC.

Likewise, in Case No. 12-3247-RDR, Adkins alleges error by the district court in dismissing the complaint in Case No. 11-3159-SAC, and in the Tenth Circuit's disposition of Adkins's appeal in that case.[2]

The court finds neither petition in the two cases captioned herein presents any valid legal basis for proceeding either in mandamus or under § 1983.  Instead, both petitions constitute an abusive and improper attempt to re-litigate claims asserted in prior cases and/or appeals, and are hereby dismissed.

The court further advises Adkins that filing restrictions now apply to any future filings by Adkins in the District of Kansas and in the Tenth Circuit Court of Appeals.  *See Adkins v. Kansas Commission on Judicial Qualifications*, Appeal No. 11-3353 (February 8, 2013)(summarizing petitioner's lengthy and abusive filing history, and imposing filing restrictions against petitioner); *Adkins v. Crow*, Case No. 12-4091-JTM (D.Kan, December 5, 2012)(similar filing restrictions imposed), *affirmed* (10th Cir., February 8, 2013).  The court adopts and imposes these restrictions on any future filings in the instant two cases,[3] and reminds Adkins that restrictions apply to

---

(10th Cir., November 28, 2011), *cert. denied* (October 1, 2012).

[2]*See Adkins v. Johnson*, Case No. 11-3159-SAC (§ 1983 complaint alleging constitutional violations by state judges and other officials in five juvenile proceedings dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii))(D.Kan., November 8, 2011), *affirmed* (10th Cir., June 5, 2012), *cert. denied* (October 9, 2012).

[3]Pursuant to the filing restrictions imposed in *Adkins v. Crow*, Case No. 12-4091-JTM and adopted herein, Adkins is subject to the following restrictions in the instant case:
> With the sole exception of a proper motion for relief under Fed.R.Civ.P. 60, any proper response to this order and any submission allowed by this order, the clerk's office shall not accept or file any pro se submissions, filings,

any new lawsuit to be filed in the District of Kansas.[4]

IT IS THEREFORE ORDERED that petitioner is granted provisional leave to proceed in forma pauperis in each of the cases captioned herein for the limited purpose of denying and dismissing each petition as legally frivolous, abusive, and malicious, 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

IT IS FURTHER ORDERED that any appeal from the judgment entered in either of the cases captioned herein will not be in good faith, and that leave to proceed in forma pauperis on appeal is denied.

---

pleadings, or other documents by Adkins or on his behalf, regardless of the payment of a filing fee, without express authorization of the undersigned judge of this court.

[4]Pursuant to the filing restrictions imposed in *Adkins v.* Crow, Case No. 12-4091-JTM and adopted herein – in any new lawsuit concerning, in any manner, the subject matter of any of Adkins's prior cases in this court and/or which names as a defendant any person, court, agency, company, business, or other entity previously sued in cases brought in the District of Kansas, Adkins shall:

   A. File a petition with the clerk of the District of Kansas requesting leave to file a complaint or other pleading.
   B. Include in the petition or pleading the following information:
      (1) A copy of this order and any subsequent order;
      (2) a copy of the proposed complaint or pleading;
      (3) a list of all other lawsuits or other matters currently pending or previously filed with this court and/or the Tenth Circuit involving the same or similar claims or parties, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the case in this or any other court; and
      (4) a list of all outstanding injunctions or orders limiting Adkins's access to any federal or state court, including the name, number, and citation, if applicable, of all such orders or injunctions;
   C. The complaint shall include a notarized affidavit certifying:
      (1) the claims have not been previously asserted and/or do not involve issues previously litigated and resolved;
      (2) the claims are not frivolous, malicious, or made in bad faith;
      (3) plaintiff acknowledges his responsibility to be aware of and comply with all applicable Federal Rules of Civil and Appellate Procedure, as well as the rules of this court and the Tenth Circuit; and
      (4) the failure to comply with the rules and orders of this court can subject him to sanctions and/or punishment for contempt.
   D. Mail or otherwise deliver the above documents to the clerk of the court, who shall forward them to the undersigned or another judge of this court of determination whether the complaint or pleading is lacking in merit, duplicative, or frivolous.
      The court will either permit the filing of the complaint or pleading or issue a minute order denying it.  Failure to follow these procedures will result in rejection of any future case Adkins attempts to file in this court.

**IT IS SO ORDERED.**

DATED:  This 19th day of February 2013, at Topeka, Kansas.


                                 s/ Richard D. Rogers
                                RICHARD D. ROGERS
                                United States District Judge